IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00594-PAB-GPG

CHARLES BALDWIN,

    Plaintiff,

v.

CITY OF RIFLE, COLORADO, a municipality, and
NICHOLAS FLATEN, individually and in his official capacity as Detective, City of Rifle, Colorado Police Department.

    Defendants.

# ORDER

This matter is before the Court on defendants' Motion to Dismiss [Docket No. 31]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

On August 3, 2018, plaintiff was attending a concert with his wife and daughters at the Garfield County Fairgrounds in Rifle, Colorado. Docket No. 10 at 2, ¶ 9. During the concert, plaintiff decided to take a smoke break in a grassy area outside the restrooms. *Id.*, ¶ 11. He did not see any signs indicating that smoking was not allowed. *Id.* While sitting on a table smoking his cigarette, defendant Nicholas Flaten "approached [plaintiff] and told him to put out his cigarette." *Id.* at 3, ¶ 12. When plaintiff asked why, Detective Flaten informed plaintiff that there was a fire ban in

---

[1] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

Garfield County.  *Id.*, ¶ 13.  Plaintiff asked a clarifying question of whether the "fire ban applied to smoking on a green lawn."  *Id.*, ¶ 14.  Detective Flaten responded that plaintiff needed to "put out the cigarette or . . . be placed under arrest."  *Id.*

Plaintiff proceeded to put out the cigarette and stand up to leave.  *See id.*, ¶ 15.  However, as he did so, and "without warning that he was under arrest or otherwise communicating anything," Detective Flaten "grabbed [plaintiff's] arms."  *Id.*  Plaintiff "asked what was going on, at which point Detective Flaten quickly and violently slammed [plaintiff] to the ground."  *Id.*, ¶ 16.  Detective Flaten put plaintiff in handcuffs and "ordered [plaintiff] to stand up," but plaintiff was unable to stand due to pain in his left hip.  *Id.*, ¶¶ 17-18.  After being treated by paramedics and being told he could leave, plaintiff went to the emergency room.  *Id.*, ¶¶ 19-20.  At that time, he was diagnosed with "sacral trauma, soft tissue injury, and hip pain."  *Id.*, ¶ 21.  Eventually, plaintiff received an MRI, which showed that he had a "sustained a fracture of the left femoral head, with mild articular collapse and diffuse edema throughout the left femoral head and neck."  *Id.* at 4, ¶¶ 24-25.  To remedy his injuries, he had "total hip arthroplasty."  *Id.*, ¶ 26.

On March 2, 2020, plaintiff filed suit.  *See* Docket No. 1.  In his amended complaint, plaintiff brings two claims.  *See* Docket No. 10 at 4-8.  First, he brings a claim pursuant to 42 U.S.C. § 1983 against Detective Flaten in his individual capacity for excessive force.  *See id.* at 4-6.  Second, he brings a claim against Detective Flaten in his official capacity and the City of Rile pursuant to § 1983 for a failure to train or discipline and for ratification.  *See id.* at 6-8.  On May 18, 2020, defendants filed a

motion to dismiss the official capacity claim against Detective Flaten as well as the failure to train and ratification claim against the City of Rifle. See Docket No. 31.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff still must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 583 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)). Otherwise, the Court need not accept conclusory allegations. *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that

the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

## III. ANALYSIS

Defendants argue that plaintiff has failed to provide any non-conclusory allegations to support his claim against Rifle. *See generally* Docket No. 31. Defendants additionally argue that, since an official capacity claim is in essence a claim against Rifle, plaintiff's official capacity claim against Detective Flaten should be dismissed as duplicative. *See id.* at 12. Plaintiff responds that his complaint contains sufficient allegations for a municipality liability claim or, if it does not, he has provided those allegations in his response. *See* Docket No. 34 at 4-9. As for the official capacity claim against Detective Flaten, plaintiff contends that keeping the claim, even if it is duplicative, promotes accountability by informing the public that Detective Flaten has been sued. *See id.* at 9-10.

The Court first notes that an official capacity is equivalent to asserting a claim

against Rifle. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." (quotations and citation omitted)). While plaintiff argues that the claim should remain to promote police accountability, the Court need not resolve this issue because plaintiff has failed to state a claim against Rifle and, as a result, has failed to state a claim against Detective Flaten in his official capacity.

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978) (footnote omitted). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.

To state a claim for municipal liability under § 1983, a party must allege sufficient facts to demonstrate that it is plausible (1) that a municipal employee committed a constitutional violation; and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation. *Jiron v. City of Lakewood*, 392 F.3d 410, 419 (10th Cir. 2004). A municipal policy or custom can take the form of

> (1) a formal regulation or policy statement; (2) an informal custom amoun[ting] to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these

policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused.

*Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (citations omitted).

Plaintiff argues that Rifle either failed to adequately train or discipline Detective Flatten or that it ratified his conduct. *See* Docket No. 10 at 7-8, ¶¶ 50-53. "A municipality is liable only when the official policy [or custom] is the moving force behind the injury alleged." *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). "A plaintiff must therefore 'identify a government's policy or custom' that caused the injury.'" *Cacioppo v. Town of Vail*, 528 F. App'x 929, 931 (10th Cir. 2013) (quoting *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769 (10th Cir. 2013)). "The plaintiff must then show 'that the policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury.'" *Id.* (quoting *Schneider*, 717 F.3d at 769).

"The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Barney*, 143 F.3d at 1307. "[C]ontinued adherence to an approach that [the decision makers] know or should know has failed to prevent tortious conduct by employees may establish . . . conscious disregard." *Bd. Of Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997); *see also Rowe v. City of Marlow*, 116 F.3d 1489, 1997 WL 353001, at *6 (10th Cir. June 26, 1997) (unpublished table decision) ("Municipal liability for failure to train or supervise requires a finding that the

municipality's deliberate indifference 'led an employee to violate a plaintiff's rights' or 'failed to prevent tortious conduct by employees.'" (quoting *Brown*, 520 U.S. at 407)).

To state a claim for an unconstitutional policy, custom, or failure to train, a complaint must allege what the policy, custom, or training protocols are. *Zartner v. City and Cty. of Denver*, 242 F. Supp. 3d 1168, 1173 (D. Colo. 2017) (finding that plaintiffs had failed to state a claim for deliberate indifference because the complaint made "no reference to . . .training protocols, inadequate or otherwise").

Plaintiff's entire claim against Rifle relies on Rifle's alleged knowledge of a previous lawsuit against Detective Flaten for excessive force.[2] *See* Docket No. 10 at 7, ¶¶ 49-51. While prior incidents can put a municipality on notice sufficient to state a deliberate indifference claim, plaintiff has not plausibly alleged that this is the case here. First, the lawsuit that plaintiff relies on, *Cose v. Stewart*, No. 14-cv-02084-RPM, was voluntarily dismissed before trial. *See* Docket No. 31-2. But "unsubstantiated allegations from complaints . . ., without more, do not put . . . defendants on notice that the training . . . is deficient." *See Estate of Jennifer Lobato v. Correct Care Solutions, LLC*, No. 15-cv-02718-PAB-STV, 2017 WL 1197295, at *8 (D. Colo. Mar. 31, 2017) (collecting cases). As a result, the fact that Detective Flaten was sued in *Cose* does not place defendants on notice that their subsequent excessive force training of Detective

---

[2] Plaintiff attempts to supplement his complaint through his response to the motion to dismiss. *See* Docket No. 34 at 8 & n.1. In his response, plaintiff discusses several news articles that describe apparent uses of excessive force by officers in the Rifle Police Department. *See id.* at 8. However, these allegations are not contained in plaintiff's complaint, and the Court must assess the sufficiency of plaintiff's complaint only. *See Swoboda v. Dubach*, 992 F.2d 286, 290 (10th Cir. 1993). As a result, the Court does not consider these additional allegations.

Flaten is or was deficient.³  *Id.*

Second, assuming it was relevant, the *Cose* incident would still be insufficient to place defendants on notice of the need for better training.  A municipal policy must be "evidenced by a practice so persistent and widespread as to practically have the force of law," and one constitutional violation will not provide the requisite foundation. *Williams v. City of Tulsa*, 627 F. App'x 700, 704 (10th Cir. 2015) (unpublished) (alterations omitted) (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)); *see also Stewart v. City of Memphis*, 788 F. App'x 341, 347-48 (6th Cir. 2019) (unpublished) ("Arguing that 'one instance of potential misconduct' is evidence of a clear and persistent pattern is a 'path to municipal liability [that] has been forbidden by the Supreme Court.'" (citation omitted)); *Colardo-Keen v. Rockdale Cty.*, 775 F. App'x 555, 573 (11th Cir. 2019) (unpublished) ("[P]roof of a single incident of unconstitutional activity is not sufficient to impose liability against a municipality because a single incident is not so pervasive as to be custom." (citations, quotations, and alterations omitted)); *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000) ("Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." (citation omitted)).  The only situation in which one incident is sufficient is "if there was an official custom or policy behind the one incident."  *Luper v. Bd. of Trustees*, 2016 WL 5394748, at *6 (D. Kan. Sept. 27, 2016).

---

³ Plaintiff makes arguments regarding claim preclusion and attorney's fees in suggesting that *Cose* is relevant.  *See* Docket No. 34 at 5-6.  Plaintiff does not explain, and the Court does not see, how claim preclusion and attorney's fees are relevant to determining whether a dismissed lawsuit provides notice to a city in a municipal liability claim.

Plaintiff, however, does not allege that Detective Flaten's actions were done pursuant to any sort of deficient training or discipline policy, other than the single prior incident that allegedly occurred six years earlier in 2012 and that the Court already has determined is insufficient. Plaintiff's complaint contains allegations that Rifle "failed to adequately train or discipline" Detective Flaten and that this failure "demonstrates gross negligence or deliberate indifference." *See* Docket No. 10 at 7, ¶¶ 50-51. But plaintiff has not set out the text of the allegedly deficient training or discipline policy, alleged what that policy is, or described how that policy was the moving force behind Detective Flaten's actions. Such a "bare allegation" of an unconstitutional policy "is not nearly enough to show deliberate indifference." *See J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1298 (10th Cir. 2016). As a result, plaintiff has failed to state a claim for failure to train or discipline.

Plaintiff also alleges that Rifle "ratified" Detective Flaten's conduct. *See* Docket No. 10 at 7, ¶ 50. However, this claim also fails. First, plaintiff again relies solely on the *Cose* lawsuit. *See id.* But, for the reasons already stated, *Cose* is irrelevant to determining whether plaintiff has made out a municipal liability claim. Second, under a ratification claim, "a municipality will not be found liable . . . unless a final decisionmaker ratifies an employee's specific actions, as well as the basis for these actions." *See Schneider*, 717 F.3d at 775 n.7 (citing *Bryson*, 627 F.3d at 790). Even if *Cose* was relevant, plaintiff's complaint is devoid of any allegations regarding who the final decisionmaker is and that this unknown decisionmaker ratified Detective Flaten's actions in *Cose*, as well as ratified the basis for his actions. *See id.* As a result, plaintiff

has failed to state a claim for ratification.

## IV. CONCLUSION

It is therefore

**ORDERED** that defendants' Motion to Dismiss [Docket No. 31] is **GRANTED**. It is further

**ORDERED** that the portion of plaintiff's first claim that seeks relief against Detective Flaten in his official capacity is **DISMISSED** with prejudice. It is further

**ORDERED** that plaintiff's second claim for relief is **DISMISSED** with prejudice. It is further

**ORDERED** that the City of Rifle, Colorado is **DISMISSED** from this case.

DATED March 11, 2021.

                              BY THE COURT:

                              PHILIP A. BRIMMER
                              Chief United States District Judge